[Dkt. No. 37]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| EILEEN C. KANE, executrix of the Estate of Henry R. Kane, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL MEDICAL MANAGEMENT, INC., d/b/a FINANCIAL RECOVERIES,<br><br>Defendant. | Civil No. 14-5063 (RMB/AMD)<br><br>**OPINION** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

THIS MATTER comes before the Court upon a motion for judgment on the pleadings by Defendant Professional Medical Management, Inc., doing business as Financial Recoveries (the "Defendant"). Plaintiff Eileen C. Kane (the "Plaintiff"), as executrix of her late husband's estate and on behalf of others similarly situated, brings causes of action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). First Amend. Compl. ("Compl.") ¶ 27.

## I. BACKGROUND

Plaintiff alleges that Defendant is engaged principally in the practice of collecting debts. Compl. ¶¶ 7-8. Defendant has

asserted that Plaintiff's husband incurred debts to Our Lady of Lourdes Camden for medical services provided to him. Id. ¶ 11. These debts, which Defendant contends are in default, were "placed with, obtained by or assigned" to Defendant for the purpose of collection. Id. ¶¶ 12-13. Defendant contacted Plaintiff's husband in an attempt to collect the debts by way of letters mailed to him on June 24, 2014, August 5, 2014, and August 8, 2014. Id. ¶ 15 & Exs. A, B, C (the "Debt Collection Letters"). The Debt Collection Letters are largely identical with regard to their substance, and state in material part:

> Our Lady of Lourdes Camden has listed your past due account with this office for collection. To avoid further contact from this office regarding your past due account, please send the balance due to our office and include the top portion of this letter with your payment.
>
> Payments can be made by check or credit card. If you wish to pay by credit card, complete and return the appropriate information on the reverse side of this letter. For prompt account resolution, credit and debit card payments can be made by accessing our automated interactive telephone system at **800-220-0260.** For your convenience, this system is available 24 hours a day, seven days a week. Please be advised that a transaction fee of $5.00 is charged on all credit card payments. This transaction fee is in addition to your actual payment and the fee will not be credited to your account.
>
> If this debt is for medical services and you have insurance that may pay all or a portion of this debt, that information can be submitted by calling **880-220-0260** or by completing the information on the reverse side of this letter and returning the entire letter to this office.
>
> **IMPORTANT CONSUMER NOTICE**

> **Unless, within 30 days after receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If, within 30 days after your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain a verification of the debt or, if the debt is founded upon a judgment, a copy of any such judgment, and we will mail to you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your written request within 30 days after the receipt of this notice we will provide you with the name and address of the original creditor.**
>
> **This Company is a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.**

Compl. Ex. B (emphasis in original); see also Compl. Exs. A, C. It is these letters, and specifically the language reading "To avoid further contact from this office regarding your past due account, please send the balance due to our office and include the top portion of this letter with your payment" (the "Contact Sentence") that Plaintiff alleges violate the Fair Debt Collection Practices Act ("FDCPA").

## II. LEGAL STANDARD

The standard for review of a plaintiff's complaint under Rule 12(c) is identical to that under Federal Rule of Civil Procedure 12(b)(6). See Fed. R. Civ. P. 12(h)(2); see also Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). "Dismissal of a complaint pursuant to Rule 12(b)(6) is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations.'" Hackensack Riverkeeper, Inc. v. Del. Ostego Corp., 450 F.Supp.2d 467, 484 (D.N.J. 2006) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). The allegations contained in the complaint are to be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). A plaintiff will also be "given the benefit of every favorable inference that can be drawn from those allegations." Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991). However, the plaintiff must make factual allegations and cannot rely on "conclusory recitations of law." Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3d Cir. 1988).

## III. ANALYSIS

Plaintiff's Amended Complaint asserts two causes of action, both for alleged violations of the FDCPA.[1] First, Plaintiff alleges that the letter violated Section 1692e because it is "false, deceptive and misleading." Pl.'s Br. at 10. Second, Plaintiff alleges that Defendant violated Section 1692g because its debt collection letter contradicts or overshadows the

[1] Typically, "[t]o prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer (2) the defendant is a debt collector, (3) the defendant's challenged practice involes an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." Douglass v. Convergent Outsourcing, 765 F.3d 299, 3030 (3d Cir. 2014). The only apparent element at issue with regard to both causes of action in this case is the fourth, whether Defendant's conduct violated a provision of the FDCPA.

Section 1692g notice requirements. Id. at 9. The Court finds that judgment on the pleadings in favor of Defendant is appropriate for both of these claims.

**A. Section 1692e**

The Court turns first to Plaintiff's claim that the Debt-Collection Letters violated 15 U.S.C. § 1692e ("Section 1692e"). Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.[2] Specifically, Plaintiff has argued that the Contact Sentence of the Debt Collection Letter is misleading and deceptive. Plaintiff contends that this sentence viewed in context creates the impression that the least sophisticated consumer cannot cease being contacted by Defendant unless they pay their debt, and the least sophisticated consumer "is left to resigning himself to ongoing calls and letters until he can pay the debt." Pl.'s Br. 8. According to Plaintiff, this is a misrepresentation of the debtor's rights, as the debtor could write Defendant and inform it that he or she refuses to pay the debt or wishes to cease communications. Id. at 9. If the

[2] Section 1692 also lays out a non-exhaustive list of conduct that amounts to a violation of Section 1692e. Plaintiff claims Defendant's conduct violation subsection (e) which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

consumer availed him or herself of those options, contact from the debt collector would cease, with some exceptions. 15 U.S.C. 1692c(c). A debtor could also make use of the 30-day validation procedure, during which time the debt collector is required to cease collection of the debt. 15 U.S.C. § 1692g(b).

The Third Circuit has explained that a debt-collection letter "is deceptive when it can be reasonably read to have two or more different readings, one of which is accurate." Brown v. Card Serv. Ctr., 464 F.3d 450, 455 (3d Cir. 2006) (quoting Wilson v. Quadramed, 225 F.3d 350, 354 (3d Cir. 2000)). In order to be actionable under 1692e, the misstatements must be material. Jensen v. Pressler & Pressler, 791 F.3d 413, 416 (3d Cir. 2015).

Collection communications analyzed under the FDCPA are analyzed from the perspective of the least sophisticated debtor, and whether particular language in a collection letter violates the FDCPA is a question of law. Jensen v. Pressler & Pressler, 791 F.3d 413, 418 & n.5 (3d Cir. June 30, 2015). "Although the least sophisticated debtor standard is 'lower than the standard of a reasonable debtor,' it 'preserv[es] a quotient of reasonableness and presume[es] a basic level of understanding and willingness to read with care.'" Id. (quoting Rosenau v. Unifun Corp., 539 F.3d 218, 221 (3d Cir. 2008)). Indeed, the FDCPA "prevents liability for bizarre or idiosyncratic

interpretations of collection notices . . . ." Wilson, 225 F.3d at 354-55 (internal quotation marks and citation omitted).

Of particular importance to this case, in Szczurek v. Professional Management Inc., 627 Fed. Appx. 57 (3d Cir. Oct. 1, 2015), the Third Circuit recently addressed – in a non-precedential opinion – an identical debt collection letter from Defendant to a different plaintiff.[3] In that case, reviewing the same sentence of the same debt collection letter from the same defendant, the Third Circuit ultimately held that the letter did not violate Section 1692e. In ruling that the challenged language was not deceptive or misleading, the Third Circuit held: "[W]e do not agree that the [challenged sentence], whether viewed alone or in context, creates the impression that the only way for the consumer to stop [the defendant] from making further contact is to pay the specified balance." Szczurek, 627 Fed. Appx. at 61-62. Instead, the court concluded that even to the least sophisticated consumer, "[t]he clear import of the sentence is to inform the consumer that [the defendant] will continue its collection efforts until successful — not to advise him of the FDCPA's various mechanisms for precluding collector contact." Id. at 62. Reasoning through the case in this

[3] Indeed, due to the similarity of the letters at issue, an unopposed motion to stay was granted pending the outcome of Szczurek before the Third Circuit. May 28, 2015 Order Granting Def.'s Mot. to Stay [Dkt. No. 28.]

manner, the Third Circuit affirmed the District Court's granting of the defendant's motion for judgment on the pleadings. Id.

Plaintiff does not distinguish Szczurek from the case at bar, but rather argues that, because it is non-precedential and its reasoning "is incomplete and difficult to follow[,]" this Court should not apply it.[4] To be sure, non-precedential opinions of the Third Circuit are not binding upon this Court. See, e.g., In re Mercedes-Benz Tele Aid Contract Litig., 267 F.R.D. 113, 138 (explaining that non-precedential opinion under I.O.P. 5.7 was not binding upon the court) (citing In re Grand Jury Investig., 445 F.3d 266, 276 (3d Cir. 2006) (explaining that non-precedential opinions "are not precedents for the district courts of this circuit")). Nevertheless, this Court is certainly permitted to consider and find persuasive their reasoning. See, e.g., U.S. v. Barney, 792 F. Supp. 2d 725, 729 (D.N.J. 2011) ("[D]istrict court may rely on non-precedential opinions as strongly persuasive authority"); cf. City of Newark v. U.S. Dep't of Labor, 2 F.3d 31, 33 n.3 (3d Cir. 1993) ("Although we recognize that this unpublished opinion lacks precedential authority, we nonetheless consider persuasive its

[4] The Third Circuit has noted in I.O.P. 5.7, that "[t]he court by tradition does not cite to its not precedential opinions as authority. Such opinions are not regarded as precedents that bind the court because they do not circulate to the full court before filing." 3d Cir. I.O.P. 5.7 (2015).

evaluation of a factual scenario virtually identical to the one before us in this case[.]"). Accordingly, the Court does not consider itself bound to apply the holding in Szczurek as it would if that opinion had been precedential, but nevertheless identifies the obvious reality that a very recent non-precedential Third Circuit opinion analyzing identical language, in the context of an identical claim against the identical defendant, has the potential to be persuasive.

Indeed, this Court is not inclined to deviate from the reasoning of Sczurek. Reading the challenged language in context, or by itself, the Court finds it does not mislead even the least sophisticated debtor into believing the only mechanism by which they may stop contact from Defendant is by way of paying their debt, it merely states that the Defendant is seeking to collect a debt and will follow through on that process until completion. It does not suggest in form or substance that there are no other ways to cease communication. Moreover, looking to the context of the letter, the 30-day validation procedure is outlined for the reader in bold typeface below the Contact Sentence, which is in plain typeface. Compl. Exs. A, B, C. The validation procedure also appears below the heading "IMPORTANT CONSUMER NOTICE" in all capital letters and bolded typeface. Id. As the District Court noted in Szczurek, "[t]he least sophisticated debtor is not the least

sophisticated, selectively-reading debtor[.]" Szczurek v. Professional Mgmt., 59 F. Supp. 3d 721, 727 (E.D. Pa. Nov. 17, 2014). "Even the least sophisticated debtor is bound to read collection notices in their entirety." Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 299 (3d Cir. 2008).

The Court is also unpersuaded that it should apply the alternative authority relied upon by Plaintiff. Plaintiff cites to a speaking Order and Opinion entered in Williams v. The CBE Grp., Inc., Civ. No. 11-3680 (D.N.J. Dec. 22, 2011) [ECF No. 22], which dealt with a debt collection letter stating:

> To prevent further phone calls and receiving future letters in regards to this matter, please bring your account current though one of the payment options below. We are here to assist you in this matter.

Compl. Ex. 1, Williams v. The CBE Grp., Inc., Civ. No. 11-3680 (D.N.J. June 24, 2011) [ECF No. 1]. The letter went on to provide an itemized list of three payment options, circumscribed in a rectangle, for making payment. In deciding a motion for judgment on the pleadings, the court ruled that "a 'least sophisticated debtor' could interpret this language as meaning the *only* way to prevent future calls and letters *or* as one of *multiple* ways of preventing future collection efforts and therefore Plaintiff will be permitted to proceed with his § 1692e claim." Slip Op. 3. As an initial matter, Williams was decided prior to Szczurek, and thus the Williams court did not

have the benefit of Sczurek's reasoning. On the other hand, Williams was cited to the Szczurek panel, Brief of Appellant 15 n.21, Szczurek v. Professional Management, Inc., No. 14-4775 (3d Cir. Feb. 23, 2015), and was not ultimately relied upon by the panel. Moreover, as to the merits of the decision, the Court finds the language in Williams – enumerated, bolded "options" offset in a box – to be far more suggestive of the fact that the plaintiff there only had "options" limited to those enumerated. There is no suggestion in the Contact Sentence of the instant case that Plaintiff's husband was limited to paying the debt to proceed or cease contact from Defendant.

As Plaintiff has failed to state a claim under Section 1692e, Defendant's motion for judgment on the pleadings is GRANTED with regard to that claim.

**B. Section 1692g**

Plaintiff additionally brings a cause of action under 15 U.S.C. § 1692g ("Section 1692g"). Pursuant to Section 1692g, a notice of debt must contain specific information. Specifically, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing[:]

(1) the amount of the debt;

> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

15 U.S.C.A. § 1692g(a). Thereafter, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." Id. at § 1692g(b). Plaintiff contends that the Contact Sentence is inconsistent with or overshadows the consumer's validation rights. Specifically, it is argued, a debtor could avoid further contact by making use of his right to validation, not just by paying the debt.

The Court disagrees with Plaintiff. As the District Court in Szczurek ruled, "The notice states clearly - under a prominent heading, in bold face type - that the debtor has multiple options, and the least sophisticated debtor reading the notice in its entirety would understand that." Szczurek, 59 F.

Supp. 3d at 728. Nothing in the notice demands payment in shorter than 30 days, nor was Plaintiff's husband encouraged to waive any rights or were any specific actions "threatened for nonpayment." Wilson, 225 F.3d at 360. Indeed, with regard to Section 1692g, this Court finds the Contact Sentence similar to the language in Wilson – "We shall afford you the opportunity to pay this bill immediately and avoid further action against you." Id. at 352. That language was held not to overshadow or contradict the validation notice, and neither does the contested language in this case. Id. at 361 ("We hold, therefore, that neither the form nor the substance of [the defendant's] leter overshadowed or contradicted the validation notice.").

Again, the Court is unpersuaded by Plaintiff's cited authority. In Oberther v. Midland Credit Mgmt., 45 F. Supp. 3d 125 (D. Mass. 2014), the challenged language contained a different variation of "cease contact" language:

> **What do you need to do to stop this process from continuing?**
> 1) Mail in $500 and call to set up your remaining payments.
> 2) Call us to see how to qualify for discounts and payment plains.

Id. at 127. The 30-day debt validation procedure was explained on the reverse side of the page. Id. While vaguely similar, the Court finds the language in this case to be meaningfully distinguishable. As an initial matter, by itemizing the list of

options and "[b]y providing only two options for preventing referral of the account to an attorney, without providing the additional option of disputing the debt, the clear implication is that the plaintiff can stave off suit only by ignoring her validation rights and making payment or, in this case, calling Midland Credit." Id. at 132. Furthermore, the use of the word "need" suggests that not only that the two listed options are the debtor's only choices, id., but also that the debtor's use of one of the two is mandatory, thereby overshadowing the debt-validation procedure. The Contact Sentence appears on the same page as the 30-day debt validation procedure and in a less prominent typeface. The Contact Sentence also contains no implication that the only way to proceed is by mailing the owed amount to Defendant. As such, the Court rules that the Contact Sentence does not contradict or overshadow the Section 1692g validation notice.[5]

In light of the above, Plaintiff has failed to state a claim for violation of Section 1692g. As such, Defendant's motion for judgment on the pleadings with regard to this cause of action is GRANTED.

---

[5] For similar reasons to those mentioned with regard to Section 1692e, the Court is unpersuaded of the Williams rulings applicability to the facts at bar with regard to Section 1692g. To wit, that opinion predates Szczurek and dealt with language that was far more definitive in limiting a debtor's rights to cease collection communications.

## IV. CONCLUSION

Defendant is entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 12(c). Accordingly, the Court will dismiss Plaintiff’s Amended Complaint [Dkt. No. 8] in its entirety. An appropriate Order follows.

DATED: September 16, 2016

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE